ATTORNEY GENERAL HENRY HAS ASKED THAT I RESPOND TO YOUR LETTER DATED AUGUST 4, 1989, REQUESTING AN UNOFFICIAL OPINION FROM THIS OFFICE. IN YOUR LETTER YOU INQUIRE WHETHER THE PROVISIONS OF HB 1637 APPROPRIATING CERTAIN FUNDS FOR PAYMENT OF BANK SERVICE CHARGES MAY BE USED BY YOUR OFFICE FOR PAYMENT OF BANK CONSULTING SERVICES IMPLEMENTING NEW COMPUTER SYSTEMS.
HB 1637 PROVIDES IN PERTINENT PART AS FOLLOWS:
 "SECTION 69. AMENDATORY SECTION 2 OF ENROLLED SENATE BILL NO. 32 OF THE 1ST SESSION OF THE 42ND OKLAHOMA LEGISLATURE, IS AMENDED TO READ AS FOLLOWS:
 SECTION 2. THERE IS HEREBY APPROPRIATED TO THE OFFICE OF THE STATE TREASURER FROM ANY MONIES NOT OTHERWISE APPROPRIATED FROM THE GENERAL REVENUE FUND OF THE STATE TREASURY FOR THE FISCAL YEAR ENDING JUNE 30, 1990, THE SUM OF TWO HUNDRED TWENTY THOUSAND DOLLARS ($220,000.00) OR SO MUCH THEREOF AS MAY BE NECESSARY TO PAY FOR BANK SERVICE CHARGES. THE APPROPRIATION MADE IN THIS SECTION SHALL BE EXPENDED EXCLUSIVELY FOR THE PURPOSES SO STATED AND SHALL NOT BE TRANSFERABLE. (REPEALED LANGUAGE OMITTED)."
IT IS READILY APPARENT THAT HB 1637 LIMITS THE USE OF THE APPROPRIATION TO PAYMENT OF BANK SERVICE CHARGES. THE OPERATIVE QUESTION THEREFORE IS: DO CONSULTING SERVICES PROVIDED BY A BAN FOR THE PURPOSE OF IMPLEMENTING A NEW COMPUTER SYSTEM CONSTITUTE "BANK SERVICE CHARGES".
LANGUAGE USED IN STATUTORY ENACTMENTS IS TO BE GIVEN ITS ORDINARY MEANING UNLESS A CONTRARY DEFINITION OR INTENT APPEARS IN THE STATUTE. MATTER OF INCOME TAX PROTEST OF ASHLAND EXPLORATION INC., 751 P.2D 1070 (OKLA. 1988), HESS V. EXCISE BOARD OF MCCURTAIN COUNTY, 698 P.2D 930 (OKLA. 1985) 25 O.S. 1. NORMALLY A BANK SERVICE CHARGE IS THAT CHARGE ASSESSED BY A BANK AGAINST THE EXPENSE OF MAINTAINING A DEMAND DEPOSIT OR CHECKING ACCOUNT OR SIMILAR FEES. SEE U.S. V. FIRST NATIONAL BANK OF JACKSON, D.C. MISS. 301 F.SUPP. 1161, 1207 (1969).
WE ARE UNABLE TO DISCERN ANY DEFINITION OR INTENT OF THE ACT WHICH WOULD INDICATE THAT THE LEGISLATURE SOUGHT TO INCLUDE CONSULTING FEES IN THE TERM "BANK SERVICE CHARGES". THEREFORE, DUE TO THE EXCLUSIVITY IMPOSED BY THE ACT ON THE APPROPRIATION PAYMENT OF CONSULTING FEES WOULD NOT BE A PERMISSIBLE EXPENDITURE.
(DOUGLAS B. ALLEN)